OPINION OF THE COURT
Gene R. Lopez, J.
Defendant, Jesse Elias, has submitted an omnibus motion dated December 21, 2016, seeking: discovery and a bill of particulars; inspection and release of the grand jury minutes and dismissal or reduction of the indictment; suppression of evidence; preclusion of evidence; Sandoval relief; and reservation of rights. The People’s response, filed January 3, 2017, consents to some of the relief sought and opposes other relief. The court decides the motion as follows.
Defendant’s motion to inspect the grand jury minutes is granted. Upon inspection, for the reasons that follow, this court grants the defendant’s motion to dismiss the indictment and grants the People leave to re-present to another grand jury.
*709 The Court of Appeals stated in People v Huston (88 NY2d 400, 409 [1996]) that
“[d]ismissal of indictments under CPL 210.35 (5)[1] should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury. The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias.”
During this presentation, the prosecutor[2] committed fundamental errors such as usurping the fact-finding role of the grand jurors, acting as an unsworn witness, improperly delegating instructions as to the law to a police witness and improperly introducing documents.
Before the grand jury, Police Officer Lucas McDonald stated that the defendant consented to take the breathalyzer test and that the result from that test was .194 of one per centum or more by weight of alcohol in his blood. The prosecutor then asked Police Officer McDonald, “[w]hat are the levels of blood alcohol content?” Police Officer McDonald stated: “.08 is considered driving while intoxicated, a .16 is double the legal limit and .18 and above is aggravated driving while intoxicated. Mr. Elias blew a .194, which is over aggravated driving while intoxicated.” The prosecutor improperly asked the police officer to state the law concerning the unlawful levels of alcohol in a motorist’s blood. As a legal advisor, the prosecutor was obligated to do so during her instructions to the grand jurors.
The prosecutor introduced documentary evidence that appeared to indicate that the defendant had been convicted on or about October 2, 2009 of violating California Vehicle Code § 23152 (b), driving under the influence. California Vehicle Code § 23152 (b) provides that “ [i] t is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in ... a *710 person’s blood is based upon grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath.”
Vehicle and Traffic Law § 1192 (8) provides in relevant part:
“A prior out-of-state conviction for operating a motor vehicle while under the influence of alcohol or drugs shall be deemed to be a prior conviction of a violation of this section for purposes of determining penalties imposed under this section or for purposes of any administrative action required to be taken pursuant to subdivision two of section eleven hundred ninety-three of this article; provided, however, that such conduct, had it occurred in this state, would have constituted a misdemeanor or felony violation of any of the provisions of this section.”
After introducing the documentary evidence, the prosecutor stated:
“Ladies and Gentlemen of the Grand Jury, I now charge all of you that the defendant [sic] convictions under Count (02) I just shared with you off the Certification of Disposition of the Supreme Court of California Count [sic] of Los Angeles Count (02) being Vehicle Code 23152B and this Vehicle Code 23152B contains the same element [s] required by New York State Vehicle and Traffic Law 1192 as required by State statute I will be charging you with that law.”
Immediately after this instruction, a grand juror asked whether “[t]he violation that you read from California are they all driving while intoxicated?” The prosecutor stated:
“She just basically—we can answer that question. We’ll do it on the record.
“There is a question from a Member of the Grand Jury regarding the California crimes that ADA Lawrence just read to you. The second one—there were two. With the one she just focused on Count (02), is the one that is actually Driving While Intoxicated on par with our laws here. The other is a violation that was a conviction for both. The one she charged you is the same elements as the New York Law is Count (02). Does that answer your question.”
*711 Further, a grand juror asked the prosecutor to repeat the defendant’s blood alcohol level and whether the prosecutor knew the defendant’s blood alcohol level from California. The prosecutor replied that the certification for conviction did not indicate the defendant’s blood alcohol level and that she would repeat the defendant’s blood alcohol level from the current matter. A grand juror then asked whether they record the defendant’s weight and whether the weight is a factor. The prosecutor replied: “It’s not something they take into account. The machine just measures, it doesn’t matter the weight. It measures your blood alcohol content for your body. She can read that again.”
Once the prosecutor stated how the breathalyzer is operated, the prosecutor became an unsworn witness.
As noted, the prosecutor attempted to establish through documentary evidence that defendant’s 2009 conviction of California Vehicle Code § 23152 (b) elevated the defendant’s current driving while intoxicated charges from unclassified misdemeanors to class E felonies. In this effort, the prosecutor introduced an uncertified[3] five page document that appears to be a summary of defendant’s 2009 court proceeding as exhibit No. 3 and a certified document titled “Misdemeanor Sentencing Memorandum—Vehicle Code” from the Superior Court of California, County of Los Angeles as exhibit No. 4.[4] Exhibit No. 3 appears to be incomplete in that it consists only of odd numbered pages and appears to indicate that the defendant pleaded nolo contendere to California Vehicle Code § 23152 (b). After the introduction of these documents, in a conclusory fashion, the prosecutor instructed the grand jurors that defendant’s 2009 conviction for California Vehicle Code § 23152 (b) constituted a violation of Vehicle and Traffic Law § 1192.
*712 This was an error by the prosecutor to instruct the grand jurors that defendant’s California conviction in 2009 also constituted a violation of the misdemeanor or felony sections of Vehicle and Traffic Law § 1192 in that she usurped the role of the grand jurors to determine for themselves whether the facts supporting the defendant’s conviction of California Vehicle Code § 23152 (b), that is his conduct, would constitute the crime or crimes of driving while intoxicated in New York. In light of the language set forth in Vehicle and Traffic Law § 1192 (8) the prosecutor was required to establish that the conduct which was the basis of defendant’s 2009 conviction in California constituted a misdemeanor or felony violation of any provision of Vehicle and Traffic Law § 1192. The prosecutor did not read to the grand jurors the applicable California driving while intoxicated statute and did not provide to the grand jurors the defendant’s allocution of his guilty plea and his admission as to his conduct on September 23, 2009 which was the basis of a violation of California Vehicle Code § 23152 (b).
The prosecutor also failed to instruct the grand jurors that if they were to find defendant’s conduct that resulted in his 2009 California conviction was the same as to violate a misdemeanor or felony provision of Vehicle and Traffic Law § 1192 and that if such conviction was to fall within the preceding 10 years, that the grand jurors may find the defendant’s current driving while intoxicated charges to be class E felonies.
Lastly, before the grand jury, Police Officer McDonald stated that on April 16, 2016 at 1:35 a.m. he and his partner were in the vicinity of 35th Street and 36th Avenue in Queens County and observed defendant’s vehicle turn left; in doing so defendant drove on the wrong side of the road into oncoming traffic and then passed a steady red traffic signal. Police Officer McDonald observed that the defendant’s vehicle’s headlights and taillights were off. The defendant was thus charged with operating a motor vehicle without at least two rear lighted lamps in violation of Vehicle and Traffic Law § 375 (2) (a) (3). Vehicle and Traffic Law § 375 (2) (a) (3) sets forth:
“Every motor vehicle except a motorcycle, driven upon a public highway during the period from one-half hour after sunset to one-half hour before sunrise or at any other time when windshield wipers are in use, as a result of rain, sleet, snow, hail or other unfavorable atmospheric condition, and at such other times as visibility for a distance of one *713 thousand feet ahead of such motor vehicle is not clear, shall display: if manufactured on or after January first, nineteen hundred fifty-two, at least two lighted lamps on the rear, one on each side, which lamps shall display a red light visible from the rear for a distance of at least one thousand feet.”
The prosecutor did not elicit any testimony as to the year, model or manufacturer of the defendant’s vehicle and thus the evidence supporting this count was legally insufficient.
Therefore, for the reasons given, the defendant’s motion to dismiss the indictment is granted. This court grants the People leave to re-present to another grand jury.
In light of the ruling by this court, the remaining branches of defendant’s omnibus motion are moot.

. After arraignment upon an indictment, a superior court may, upon motion of the defendant, dismiss such indictment on the ground that the grand jury proceeding was defective. (CPL 210.20 [1] [c].) A grand jury proceeding is defective in that the proceeding otherwise fails to conform to the requirements of article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result. (CPL 210.35 [5].)

. The assigned assistant district attorney was not one of the prosecutors who presented to the grand jurors this case.

. During the presentation, the prosecutor read to the grand jurors a certification allegedly contained on exhibit No. 3. Based upon a review of this exhibit, such document does not contain such certification.

. Exhibit No. 4 refers to defendant’s plea of nolo contendere to California Vehicle Code § 20002 which requires a motorist act in a certain manner when involved in a motor vehicle accident which resulted in property damage. Thus this document has no relevance to defendant’s prior conviction for a driving while intoxicated crime. Although the document was certified by Sherri R. Carter, Executive Officer of the Superior Court of California, County of Los Angeles, this document was also required to be accompanied by a certificate from a public officer that Ms. Carter has legal custody of the record and that her signature is believed to be genuine. (See CPLR 4540 [c].) The prosecutor did not submit this other certificate.